UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TYREE DESHAWN BROOKS,

    Petitioner,                                                 Case NO.: 11-13675

v.                                                          Honorable Thomas L. Ludington

JEFFREY WOODS,

    Respondent,
_____/

**OPINION AND ORDER HOLDING THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE, ADMINISTRATIVELY CLOSING THE CASE, AND DENYING AS MOOT RESPONDENT'S MOTION FOR AN ENLARGEMENT OF TIME**

Petitioner Tyree Deshawn Brooks was convicted by a jury in the Washtenaw County Circuit Court of second-degree murder, felony-firearm, and of being a felon in possession of a firearm. Presently confined at the Michigan Reformatory in Ionia, Michigan, Petitioner filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent then filed a motion for more time to respond to that petition.

Petitioner has now filed a motion to hold his petition in abeyance. He intends to pursue a post-conviction motion in state court, raising additional claims that are not included in his current petition. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings to permit Petitioner to pursue his additional claims. Should his claims fail, the petition shall be dismissed without prejudice. The case will also be administratively closed. Given that Petitioner's petition will be held in abeyance, Respondent's motion for an enlargement of time to file an answer will be denied as moot.

I

A federal district court has authority to abate or dismiss a federal habeas action pending

resolution of state post-conviction proceedings. *See Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002) (holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *See also Bowling v. Haeberline,* 246 F. App'x. 303, 306 (6th Cir. 2007) (unpublished) (A habeas court is entitled to delay a decision in a habeas petition that contains exhausted claims "when considerations of comity and judicial economy would be served.") (quoting *Nowaczyk*, 299 F. 3d at 83).

II

In this case, outright dismissal of the petition, albeit without prejudice while Petitioner returned to state court, might preclude consideration of his claims. The Antiterrorism and Effective Death Penalty Act (AEDPA) allows Petitioner only one year to apply for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). However, when initial petitions are timely filed, but a second, exhausted habeas petition would be barred by the AEDPA's statute of limitations, the original petitions are commonly held in abeyance. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court has supported this course of action, suggesting that a habeas petitioner concerned with AEDPA's statute of limitations file a "protective" petition in federal court, then request the petition be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S.

269 (2005)). This measure requires that there be good cause for the petitioner's failure to exhaust his claims the first time around, and that the additional claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner has already filed one motion in state court for relief from judgment concerning his criminal conviction. Pursuant to Mich. Ct. R. 6.502(G)(1), a criminal defendant in Michigan typically can only file one motion for relief from judgment. *See Banks v. Jackson,* 149 Fed. Appx. 414, 418 (6th Cir. 2005) (unpublished); *Hudson v. Martin*, 68 F. Supp. 2d at 800 (citing to *People v. Ambrose*, 459 Mich. 884; 587 N. W. 2d 282 (1998)). However, Mich. Ct. R. 6.502(G)(2) provides that a defendant may file more than one motion based on a subsequent change in the law, or when new evidence is discovered. *Banks,* 149 Fed. Appx. at 418; *Hudson,* 68 F. Supp. 2d at 800-01. Petitioner alleges there is newly discovered evidence to support the claims he wishes to raise in a second motion for relief from judgment. It is likely that Michigan courts will permit Petitioner to file a second post-conviction motion for relief from judgment pursuant to the newly discovered evidence exception. Accordingly, a stay of his federal habeas proceedings will be granted to permit him to exhaust the claims contained in his second motion for relief from judgment. *See Banks,* 149 Fed. Appx. at 419-20.

It should be noted that even when a stay is appropriate pending the exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure Petitioner does not delay, he must present his claims in state court within sixty days from the date of this Order. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). Further, he must request that this Court lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may

later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.,* at 781 (internal quotation omitted).

The Michigan Court Rules establish a procedure for Petitioner to raise his unexhausted claims. Petitioner may file a motion for relief from judgment in the Washtenaw County Circuit Court pursuant to Michigan Court Rule 6.500 *et seq*., which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on Petitioner's claims. Petitioner may appeal the trial court's determination to the Michigan Court of Appeals and the Michigan Supreme Court. He may then file a petition for writ of certiorari in the United States Supreme Court. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). To obtain relief, Petitioner must show cause for failing to raise his unexhausted claims on direct review, and resulting prejudice or a significant possibility of innocence. See Mich. Ct. R. 6.508(D)(3). A similar showing would be required by this Court if there was no possible state remedy. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 & n. 3 (6th Cir.1995). Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance so there is an opportunity to decide whether he has established "cause" for his failure to present his claims on direct review.

### III

Accordingly, it is **ORDERED** that the petitioner may file a motion for relief from judgment with the state court within sixty (60) days of receipt of this Court's order. If Petitioner does not file a motion for relief from judgment with the state courts by that date**,** the Court will dismiss the present petition without prejudice.

If Petitioner files a motion for relief from judgment, he shall notify this Court that such

motion papers have been filed in state court.  The case shall then be held in abeyance pending exhaustion of Petitioner's claims.  Petitioner shall re-file a habeas petition within sixty (60) days of the conclusion of state court post-conviction proceedings.  Petitioner will be free to amend his habeas petition with any newly exhausted claims at that time.

If, and when, Petitioner returns to federal court following the exhaustion of state remedies, he shall use the same caption and case number as appears on this order.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.  *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

It is further **ORDERED** that the motion for an enlargement of time is denied as moot.

Dated: September 5, 2012                     s/Thomas L. Ludington
                                             THOMAS L. LUDINGTON
                                             United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Tyree Brooks, #390929 at Michigan Reformatory, 1342 West Main Street, Ionia, MI 48846 by first class U.S. mail on September 5, 2012.

                    s/Tracy A. Jacobs
                    TRACY A. JACOBS